First case is Marshall Bailey v. Illinois Department of State Police 514-0586 Valerie Quinn v. Appellant and Appellee has waived. That's my understanding. Okay, Ms. Quinn, when you're ready. Your Honor, we appreciate the court's indulgence in permitting me to be heard. You'll have to speak up because we're recording. I appreciate the court's indulgence in permitting us to be heard even though it is just me. We are the appellant and this is an important area of the law for the state police. Your Honor, the circuit court cannot properly exercise its discretion when it neglects even to consider the factors set forth in the statute providing the basis for the ruling that the court is being asked to make. And a court abuses its discretion when it considers impermissible legal criteria in deciding a motion to intervene. Here the circuit court denied intervention based upon two grounds. One was the court's mistaken conclusion that ISP's motion to intervene had a 30-day deadline and was filed one day late. And the other ground was the court's belief that the state's attorney is the sole entity with an interest in whether a void card issues. I have a question for you. I cannot figure out from the record how the order got entered. I had some trouble with that as well. Can anybody explain that? I mean the appellee, I would have asked the appellee who should be able to tell me. Right. Some of what I know is a couple tiny little facts and they of course are not part of the record. But I will tell the court what I know. When I got the record and there was no transcript for a hearing on the merits of issuing the order, I called up the court and said, so how about that court order for, what was it, August 8th, 2014. And the court said, I said, was there a hearing? And she said, and I didn't get the name of the woman I spoke to, but she said, well, no, there were just some papers signed that day. I said, no hearing? She said if there had been a hearing, there would be the judge's initials. This is on page C3 of the record, that docket sheet. I see it. You'd see the judge's initials, like the ones above and below, you'd see the judge's initials and then the court recorder next to it. She said there was just some papers signed that day. That's all. The order, however, says that there were people present and the attorneys were present. And that's because the order was drafted in advance, I believe. That's what I want to know too. I believe the order was drafted in advance by Mr. Lokofsky. I think that's how you pronounce that. Because it was submitted with his petition. And so there was just that recitation. Because there's no indication that the state's attorney did not return my phone call. Because I was curious, was there any chambers? And she did not return my phone call. So that's all I know. Okay. But as far as the order is concerned, did you find in the record that it had been submitted as a proposed order attached to pleadings? I believe it had. Okay. Because that's what I thought occurred. I'm sorry. I should have scoured the petition a little bit better for that. But that was my understanding. It was in the same typeface. Okay. Well, I can look at the record. So you have no additional information. And, of course, the appellee is not here to tell us what happened. No. I did call Mr. Lokofsky. He said it had been handled in chambers. And he clearly was not comfortable talking to me about it. Because I said, no hearing? Well, it was in chambers, he said. Okay. No transcript, though. No transcript. And no bystander reports. No bystander report. As far as I know, no state's attorney was there. But, again, I don't know that. Okay. The next question I have is you filed a motion to intervene as a matter of right? Yes. But at the argument on your motion, the attorney general who appeared, was that you? It was not. It was Mr. Kornoff from our Springfield office. He also argued permissive intervention. And he seemed to go between interventionist matter of right and permissive intervention, which are clearly two different permissions. Do you believe that the Illinois State Police had the right to intervene on this, regardless of whether it was as a matter of right or permissive? Yes, we do. Yes, I do. And that is because under 2408, the court's discretion was limited to determining the timeliness of the motion, the adequacy of the representation of ISP's interests at the early proceeding, and the sufficiency of those interests in those proceedings. Any other issues were beyond the scope of the court's discretion. And ISP clearly satisfied all of the factors of 2408, which has no time limits. Motions to intervene have been held timely when filed as much as 20 months after the movements learned of the judgment they were seeking to, from which they were seeking relief. There's no hard and fast rule. But on this record, having filed the motion and the accompanying petition for relief within 30 days, ISP showed diligence in dispatch. It is also clear that ISP's interests were not sufficiently represented below. In these cases, the courts will ask whether a reasonable person in the would-be intervener's position would rely upon the existing party's representation. Well, here there were two parties. Mr. Bailey's position was plainly contrary to ISP's. You're going a little too fast. I'm sorry. And speak up, please. Yes. Clearly, Mr. Bailey, of the two parties that were present below, that were part of the case below, Mr. Bailey's position was clearly contrary to the state police's position. And as for the state's attorney, there really isn't any evidence of what she thought about the case beyond his statement in his petition that she did not object. That's because of the lack of a hearing. And beyond that, if Mr. Bailey's statement is true and the state's attorney did not object, that only demonstrates that her representation of ISP's interests was not just inadequate. It was completely non-existent. Because on the face of Mr. Bailey's petition, it was obvious that he was federally prohibited from obtaining a FOID card and therefore state prohibited. And the state's attorney should have immediately objected to that. There are two things I should clarify because my briefing kind of muddied them more than I would have liked upon review for this argument. I refer to the order to ISP to issue the FOID card as a void order. That is incorrect. The circuit court plainly had jurisdiction to enter the order that it entered. The order is voidable because the court lacked the authority to enter that order under existing law. We don't really reach those points in this case, do we? At bottom, it really is a case on intervention. It's just a case on intervention. In fact, the motion to vacate that was filed, really the state police had no standing to even file that because the motion to intervene hadn't been granted yet. Right? Well, there is some recent jurisprudence that suggests that an order that overturns an ISP decision and directs ISP to act gives the department non-party standing to seek relief from judgment. That was my understanding of this court's holding in Odal, in which it cited Pine. But that's not what I asked. And you've just read the part that I think is what's in the key here, is it gives you non-party standing. Once you have the non-party standing, then you have the ability to file the motion to vacate. Is the court saying that it is the granting of intervention that gives ISP non-party standing? Well, that's what I'm asking you. I think so. I think it could. My understanding, the – How can you file a pleading in a case unless you are somehow a party, either a party in interest or a direct party? Well, that is why ISP generally seeks to intervene and then files the motion for relief from judgment because it seems cleaner. But there is some recent jurisprudence that seems to indicate that because the order directs ISP to do something, even though it's not a party in the case, ISP would have the option of simply – and ISP has done this. Wait, wait, finish your sentence. Would have the option of simply directly filing a petition for relief from judgment because it was not a party. Without the petition to intervene. Without the petition to intervene. Now, that's kind of murky, or it has been murky. It seemed to be clearer in some of the recent jurisprudence. What is the case you're citing? I'm citing this court's opinion in Odo. Odo. I have a cite for it if the court wants. I'm sure it's in here for you. It actually isn't. I filed a motion seeking to cite supplemental authority because this came out after briefing was complete. Odo, did you say? Yes. That's one of our cases. That's one of your cases, Your Honor. Right. It is 2015 ILAP 5th 140274, and I'm particularly referencing paragraph 24 of that decision. Sounds very familiar to me. So you think that decision allows the Illinois State Police to file a plea merely because it's being directed to do something? That has been what ISP has thought all along, but because the case law on it has not been particularly clear. I mean, in Brawley, which didn't exactly go our way, the court said, well, when a state agency, when a court imposes duties upon a state agency, that agency may have non-party standing to seek relief from judgment. Oh, but that's the key. You have non-party standing. So the word standing gives you the ability to file. So, I mean, I think that the confusion here is that I'm asking you if you have to have standing to file, and you're reading me things that say it gives you standing to file. So I think you're agreeing with me. Certainly ISP has standing if it's granted intervention, but there is case law that suggests that ISP has standing, even if it doesn't file a motion to intervene, that it is permissible simply to file the petition to seek relief from judgment. Of course, that's not what we did here, so perhaps I'm going. But if you have that, it's even less than what we, I mean, obviously have with intervention as a matter of right. You have to satisfy all of these things. Yes, the 2408 factors, yes. But if you can just file because you've been directed to do something, then the court doesn't even have to look at those factors. Of course, the intervention statute seems to have been designed to complement both 213-01 and 214-01, which is perhaps why it doesn't have time limits in it. I'm sorry. I just forgot where I was going at that point. I'm embarrassed. Sorry. Did he plead on domestic violence? Was that a plea? I... Or was it found after hearing? I'm not sure whether he had a jury trial or not. Well, then you think it's a duty of a trial judge to advise him, I guess if he was an illegal alien type thing where he might, or illegal, whatever, and be deported, that if he doesn't advise him that if he pleads guilty to a misdemeanor, domestic violence, that under federal law that he could not get a void card as you see it. Do you think that would be a duty upon a trial judge now that we should add? I think it wouldn't be a bad idea to advise people what rights they're giving up if they take a plea. I mean, obviously, if he went to jury trial, he would. Well, isn't there something on aliens that you have to advise that they might be deported? I thought there was. There may be. So you think that should be added to that list? I don't know. At the time that the... Well, I don't know. He pled out or he was found guilty in 2010, and the law has... Did he have counsel, I wonder? That I don't know. I'm going by the criminal history data, the NCIC, which those are a little bit opaque. I'm sure the court appreciates. I can't tell if he had counsel or not. And what is the definition now of domestic? I'm sorry, the definition? What is domestic now? A spouse, a significant other, a family member. Spouse, girlfriend, parent, friend. Could be a cohabitant. Somebody living in the same building. Well, somebody in his household. Has to be in the household. If he was in an apartment building and he slugged his neighbor three doors down, I think that wouldn't qualify as domestic violence. But a member of his immediate household, yes, that would qualify. And, of course, that's not Mr. Bailey's only conviction. You know, the trouble is there's a lot we don't know in this case. Well, what we do know is that he does have a conviction for domestic violence. Right. And under federal law and now under the Floyd Act, that disqualifies him from getting a Floyd card unless he were to seek a pardon, which there's no evidence that he has done so. And I should also be clear, Your Honors, he is federally prohibited because of the domestic violence, not because of his felony DUI. I was a little sloppy when I was drafting the case and I sort of lost sight of the fact that for his felony DUI, he actually served a prison term. And so his right to vote, his right to hold office and so forth, those were restored to him. But that's not in the federal. The federal is only worried about the domestic violence, correct? That's correct. So I just want to clarify because I briefed it as though he had two separate prohibitors, Your Honor, and that is, in fact, not correct. He is prohibited by reason of his domestic violence conviction. Well, I'm just wondering if it should be an admonishment. It's probably not a bad idea. More information is, you know, permits people to make an informed decision. Recently, there's another recent decision out of the third district, the Winders case. And in that case, the court explained that ISP's interest in FOID proceedings is beyond that of the general public because ISP is tasked with the administration of the FOID card program and must ensure compliance with federal and state law. And there is no other agency entrusted with that responsibility. And for that reason, ISP has the right to challenge voidable orders such as this one. If ISP had been allowed to intervene and file its petition for relief and supporting record, the circuit court would have been required to deny Bailey's petition. This court, along with the second, third, and fourth districts, recently held in Oval that the current version of the act prohibits the circuit courts from ordering the FOID card issue to individuals who are federally disqualified. So what ISP seeks in this case, Your Honors, is a reversal of the circuit court's order denying intervention with instructions that ISP be permitted to file and brief its petition for relief from judgment because it is plain that ISP fully met the requirements for intervention and that it has a meritorious challenge to the underlying order. Well, the most I think we could do is reverse the court's order denying your motion to intervene and allow you to file any pleadings that you decided to file. I don't think we can direct the court much further than that, do you? I mean, I'm asking you what you want to do. Well, I mean, I think the court could do that. I'm thinking about Supreme Court Rule 365, that the court has the power to, and I think that's the rule, the court has the power to grant any relief that it thinks is appropriate. It's kind of what I always call the appellate court has superpowers in the Supreme Court rule. I think it's 364. You're referring to 366. It's 366, I'm back. So I think it's a question of, I know you filed something that's substantive, but you're really here arguing for the right to file something substantive. Exactly. And so, you know, I mean, it's not prejudicial or anything for you having filed a substantive pleading, but I would think the extent of the question before us is whether you have the right to enter into the proceedings and file substantive, what you filed, and whatever else you want to file, and imposing counsel filing what they want to file, and the trial court dealing with it. I think doing, reaching the substance of it, I think would probably go beyond our powers under 366. Right, that's correct, Your Honor. We brief it at such length because we wish the court to see that we're not in there as an academic exercise. There are serious issues that need to be straightened out. Well, I'm trying to figure out, the trial court has jurisdiction, and are you arguing based on the mailbox rule type thing, the 30 days, or how are you trying to show the voidability side of it? I don't know what. Well, I misused the term void because the court had jurisdiction. Based on? Well, Mr. Bailey's petition. In other words, I was using the term void to refer to the circuit court's order sought by Mr. Bailey that ISP be directed to issue a card to Mr. Bailey. I know, but the trial court, didn't the trial court believe it didn't have jurisdiction? Well, I think the trial court thought that there was a motion to intervene had to be filed within 30 days. And it thought that ISP was one day late because the intervention motion was filed on Monday. And then it was a holiday. It was the day after. Sunday doesn't count. So that 31st day really is, by the statute of statutes, it really is the 30th day. Okay. So the court just misstated that. So you're arguing that or you're arguing that you can come in within, what, 20 months or whatever that rule? Well, if ISP hadn't made that 30-day deadline, ISP could simply have filed a motion to intervene and attached it to 1401 because that's the other, one could have gone either way. Okay. Okay. Thank you very much, Ms. Quinn. Thank you. I appreciate it. This matter will be taken under advisement and the case should be issued in due course. Thank you. Thank you.